NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| Grover Whetstone, | : |
| Plaintiff, | : |
| v. | : Civil Action 04-5504 (DRD) |
|  | : **OPINION** |
| The City of East Orange; The East Orange Police Department; Officer B.M. Wynn, of the East Orange Police Department, Individually and Under Color of State Law; Officer M.D. Foote, of the East Orange Police Department, Individually and Under Color of State Law; Officer F. Ellis, of the East Orange Police Department, Individually and Under Color of State Law; Officer J. Soto, of the East Orange Police Department, Individually and Under Color of State Law; Sergeant Koundry, of the East Orange Police Department, Individually and Under Color of State Law; Lieutenant Pyczko, of the East Orange Police Department, Individually and Under Color of State Law; Charles Grimes, Chief of Police of the East Orange Police Department, Individually and Under Color of State Law; John and Jane Does 1-50 (fictitious names), | : |
| Defendants. | : |

Appearances by:

Robert L. Tarver, Jr., Esq.
LAW OFFICES OF ROBERT L. TARVER, JR.
66 South Main Street
Toms River, NJ 08757
    *Attorney for the Plaintiff, Grover Whetstone*

Carol A. Ferentz, Esq.
GRIECO, OATES, DEFILIPPO, LLC
81 Northfield Avenue - Suite 205
West Orange, NJ 07052
    *Attorney for Defendants, City of East Orange and the East Orange Police Department*

## LETTER OPINION

On November 9, 2004, Plaintiff Grover Whetstone ("Whetstone") filed a complaint against the City of East Orange, the East Orange Police Department, and several East Orange police officers, including the Chief of Police (defendants are collectively referred to as "East Orange"), alleging civil rights violations under 42 U.S.C. § 1983. Because Whetstone's action was pending in the court for more than 120 days without proceeding, on August 3, 2006, the Office of the Clerk issued a Notice of Call for Dismissal Pursuant to L. Civ. R. 41.1(a) which, in part, provides that

> Civil cases, other than bankruptcy matters, which have been pending in the Court for more than 120 days without any proceedings having been taken therein must be dismissed for lack of prosecution by the Court (1) on its own motion, or (2) on notice from the Clerk to all parties who have appeared, unless good cause is shown with the filing of an affidavit from counsel of record or the unrepresented party.

By affidavit filed September 8, 2006, counsel for Whetstone explained that Mr. Whetstone had developed an illness which prevented him for assisting in the prosecution of his action and which hampered him from moving forward in the discovery process. Counsel further explained that he and Mr. Whetstone believed that Whetstone would soon make a recovery sufficient to permit him

to assist in prosecution of the action.

In response to a conference call between counsel for East Orange, counsel for Whetstone, and the magistrate judge, East Orange, by fax of September 13, 2006, prayed the court to dismiss Whetstone's complaint with prejudice asserting that Whetstone had not previously disclosed the existence of an individual, Tanya Rice, who Whetstone now claimed was witness to the event. East Orange counsel wrote that neither the arrest report of April 23, 2003, the Notice of Claim under Title 59 served July 21, 2003, nor the Rule 26 Disclosures dated November 21, 2005, named Tanya Rice as a witness or a person with discoverable information.

The next day, Whetstone's counsel also faxed a letter to the magistrate judge. Counsel explained that although Mr. Whetstone had been diagnosed with Alzheimer's Disease and was still unable to assist in the prosecution of his claim, Whetstone had identified, prior to degeneration of his condition, the additional witness, Tanya Rice, daughter of Mr. Whetstone's friend, Mary Ann Rice. Counsel requested that this Court enter an order of voluntary dismissal without prejudice to allow counsel time to locate the witness and marshal evidence.

Although various courts of appeal consider a number of factors in determining whether a dismissal with prejudice is appropriate under Rule 41(b),[1] the New Jersey Court of Appeals "eschew[s] a listing of factors because of the great variety of situations in which this issue arises," and, instead, emphasizes that "dismissal [with prejudice] is a drastic sanction and should be reserved for those cases where there is a clear record of delay or contumacious conduct by the plaintiff." See Donnelly v. Johns-Manville Sales Corp., 677 F.2d 339, 342 (3d Cir. 1982). Further, the Court of

---

[1] See, for instance, Davis v. Williams, 588 F.2d 69, 70 (4th Cir. 1978). See also Ramsay v. Bailey, 531 F.2d 706 (5th Cir. 1976), *cert. denied*, 429 U.S. 1107 (1977).

Appeals instructs the "district court to consider whether lesser sanctions would better serve the interests of justice" because "(d)ismissal is a harsh sanction which should be resorted to only in extreme cases." Id. (citations omitted). In the interests of justice, a "judge may take sanctions of a less drastic nature, such as . . . dismissal without prejudice." Id. at 343. (citations omitted).

    Here, the Court will not dismiss this action with prejudice. Mr. Whetstone is not personally responsible for the delay in prosecution of his claim, nor is it apparent to the Court that he has proceeded in a dilatory manner. Although Mr. Whetstone suffers from a debilitating medical condition, it is possible that he will recover sufficiently at some future date to be able to assist in the prosecution of his claim or that a guardian may be appointed to proceed on his behalf. Further, East Orange is not prejudiced by such a delay.

    The Court finds that, under the circumstances, dismissal with prejudice is too harsh a remedy. The interests of justice are better served by the lesser sanction of dismissal without prejudice.

    **SO ORDERED**.


                                                 /s/ Dickinson R. Debevoise
                                                 Dickinson R. Debevoise, U.S.S.D.J.

Dated: October 2, 2006